## Wehr *v.* Carbon County Electric Railway Company, Appellant.

*Negligence—Street railways—Death—Fright of horse—Case for jury.*

In an action against a street railway company to recover damages for death of plaintiff's husband, it appeared that the deceased was struck and killed by a car while endeavoring to control and lead his horse from the track. The horse was gentle, accustomed to steam and trolley cars, and had not before been known to frighten at either. There was evidence that when the horse turned on to the track, the car was over seventy feet from it, and it could have been stopped within twenty-five feet, and that the motorman was not at his post on the front platform, but was in the middle of the car. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued March 13, 1907. Appeal, No. 83, Jan. T., 1907, by defendant, from judgment of C. P. Carbon Co., April T., 1901, No. 32, on verdict for plaintiff in case of Emma Jane Wehr v. Carbon County Electric Railway Company. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before STAPLES, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,950. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Frederick Bertolette*, with him *W. W. Watson*, for appellant.

*E. O. Nothstein*, with him *William G. Freyman*, for appellee.

PER CURIAM, April 1, 1907:

The husband of the plaintiff was killed under these circumstances. He went from his home to Mauch Chunk with a

wagon load of vegetables to sell. While his horse and wagon were standing on a borough street between the curb and the car track and he was at the rear of the wagon talking to purchasers, a car approached in front. His attention was called to the car by his son, seven years of age, who was seated in the front part of the wagon. He went to the horse's head and took hold of the bridle. The horse was alarmed by the noise of the car and turned onto the track. While endeavoring to control the horse and lead him from the track, the deceased was struck by the car. The horse was gentle, accustomed to steam and trolley cars, and had not before been known to frighten at either. The questions in the case were whether the death was the result of an unavoidable accident caused by the horse's sudden turning onto the track in front of the car, or whether it resulted from the negligence of the motorman in not exercising vigilance and care in the management of the car. Since there was evidence tending to show that when the horse turned onto the track the car was over seventy feet from it, and could have been stopped within twenty-five feet, and that the motorman was not at his post on the front platform but was in the middle of the car, the case was necessarily for the jury.

The judgment is affirmed.